### RAKE v. SECURITY LOAN & INVESTMENT CO.

No. 2745.

Court of Civil Appeals of Texas. Beaumont. May 30, 1935.

Rehearing Denied June 12, 1935.

G. C. Bradfield, of Beaumont, for appellant.

White & Baker, of Port Arthur, for appellee.

O'QUINN, Justice.

The Security Loan & Investment Company, a Texas corporation, brought this suit in the county court at law of Jefferson county against appellant, Ed Rake, to recover on a promissory note, and to foreclose a chattel mortgage on an automobile given to secure the payment of the note. Appellee alleged that the note was originally for the sum of $770, upon which payments had been made reducing the amount due to $297.85, with interest and attorney's fees.

Appellant, defendant below, answered admitting the execution of the note on June 20, 1930, same to be paid in monthly installments; that he paid the installments as they matured until about April 23, 1931; that on about said date he delivered to plaintiff company 92 shares of stock in said Security Loan & Investment Company which were worth $5 per share, which he owned, as a pledge or security for the payment of the note, and which said shares of stock were to be retained by said company and sold at cost of same, to be applied, when so sold, as a credit on the note; that thereafter he delivered to said company 76 shares of stock of the Houston Agricultural Credit Corporation, as additional security for the payment of his note, which said stock was worth $5 per share; that 32 of said shares were returned to him, and that he was the owner of a half interest in the remaining 44 shares, which interest was of the value of $110; that he was entitled to a credit for the 92 shares in the sum of $460 and for the 22 shares of $110, which if credited on the note would overpay same by some $200; and by cross-action sought to recover in the sum of $200. The case was tried to a jury upon special issues, and judgment rendered for appellee for $367.-35, being for the balance due on the note, interest, and attorney's fee, and also for foreclosure of the chattel mortgage on the automobile. This appeal is from that judgment.

On the trial below, the contested and controlling question was whether the 92 shares of stock in the plaintiff corporation were received by the president of the corporation from defendant Rake with the understanding and agreement that said stock was to be sold at cost ($5 per share) and the proceeds to be credited on the note. This question was correctly submit-

ted to the jury, and they found against appellant. This finding has ample support in the record, and determines the case.

The judgment should be affirmed, and it is so ordered.

Affirmed.